JS-6

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-05876-JHN-CW | Date | January 5, 2012 |
|---|---|---|---|
| Title | Amid Sesay v. Raytheon Aircraft Co. et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** **ORDER REMANDING ACTION TO THE LOS ANGELES COUNTY SUPERIOR COURT (IN CHAMBERS)**

On December 9, 2011, the Court remanded *The Estate of Mustapha Sesay et al v. Hawker Beechcraft Corp. et al*, 2:11-cv-04637-JHN-CW (hereinafter, "*Sesay I*"), which arose from the same set of facts as the instant case (hereinafter, "*Sesay II*"). Both actions stem from an aircraft accident that resulted in the death of Mustapha Sesay ("Decedent"). Both cases set forth identical state claims of: (1) negligence; (2) breach of express warranty; (3) breach of implied warranty; (4) strict products liability; and (5) failure to warn. *Sesay I* was brought by the Decedent's spouse and minor children, and *Sesay II* was brought by the Decedent's father, Amid Sesay ("Plaintiff"), who is appearing *pro se*. In light of the Court's December 9, 2011 Remand Order in *Sesay I*, the Court *sua sponte* REMANDS the instant action to the Los Angeles County Superior Court.[1]

## I. DISCUSSION

This case was removed by Defendant Continental Motors, Inc. ("CMI") to this Court on the following grounds: (1) federal question jurisdiction, relying on *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)); and (2) CMI acted under the direction of an officer of the United States while performing acts under color of such office, pursuant to 28 U.S.C. § 1442(a)(1) (Notice of Removal ¶ 32).

---

[1] Pending before the Court is CMI's motion to dismiss for failure to state a claim. (*Sesay II*, Docket No. 12.) In view of this Court's order remanding this action to the state court, CMI's motion is denied as moot.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-05876-JHN-CW | Date | January 5, 2012 |
|---|---|---|---|
| Title | Amid Sesay v. Raytheon Aircraft Co. et al | | |

On December 9, 2011, the Court remanded *Sesay I*, which was initially removed to this Court by Defendant CMI based in part on *Grable*. In remanding *Sesay I*, the Court concluded that *Grable* does not apply. For the same reasons, the Court finds that *Grable* cannot serve as the basis for subject matter jurisdiction here. (*See Sesay I*, Docket No. 79 [December 9, 2011 Order].) Therefore, the analysis here focuses on CMI's alternative basis for removal.[2] The critical inquiry is whether CMI was "acting under" the directions of a federal officer for purposes of 28 U.S.C. § 1442(a)(1).

A civil case that is commenced in a state court against any person "acting under" the direction of a United States officer may be removed by that defendant to the district court. 28 U.S.C. § 1442(a)(1). A party seeking removal under § 1442 must show that: "(a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims, and (c) it can assert a 'colorable federal defense.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (citations omitted). With regard to the second element, § 1442(a)(1) specifically requires that a plaintiff's claim be based upon defendant's conduct "acting under" a federal officer. "[P]recedent and statutory purpose make clear that the private person's 'acting under' must involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 152 (2007) (emphasis in the original). "A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id.* at 153.

"The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

---

[2] This alternative basis for removal has not been raised previously by counsel for CMI in *Sesay I* despite full briefing in connection with those plaintiffs' motion for remand. (*See Sesay I*, Docket No. 41 [CMI's Opp'n].) Accordingly, this is the Court's first opportunity to address this issue.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-05876-JHN-CW | Date | January 5, 2012 |
|---|---|---|---|
| Title | Amid Sesay v. Raytheon Aircraft Co. et al | | |

Here, CMI has failed to show that it was "acting under" the directions of a federal officer for purposes of § 1442(a)(1). CMI argues that the Federal Aviation Administration ("FAA") has "delegated" to CMI certain inspection and certification responsibilities to assist in the FAA certification process, thereby making it a private actor "acting under" an officer of the United States for purposes of § 1442(a)(1). (Notice of Removal ¶ 38, *see also*, ¶ 40.) CMI cites to 49 U.S.C. § 44702, which authorizes the Administrator to "delegate to a qualified private person, or to an employee under the supervision of that person, a matter related to– (A) the examination, testing, and inspection necessary to issue a certificate . . . ; and (B) issuing the certificate." 49 U.S.C. § 44702.

However, CMI has not provided *any* evidence beyond bald assertions that the FAA has specifically delegated any of these duties to CMI or any of its employees. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (allowing "summary-judgment-type evidence," such as affidavits, to support jurisdiction). The mere assertion that CMI was in fact acting under the authority of the FAA is not enough. CMI has presented no evidence of any contract, any payment, any employer/employee relationship, or any principal/agent arrangement that would support an inference that CMI and the Federal Government had any special relationship beyond the usual regulator/regulated relationship. *Watson*, 551 U.S. at 156. As such, CMI has failed to carry its burden of establishing that it acted under the direction of the FAA or any of its officers for purposes of § 1442(a)(1). *See Swanstrom v. Teledyne Cont'l Motors, Inc.*, 531 F. Supp. 2d 1325, 1332 (S.D. Ala. 2008) ("The Cirrus defendants have not established, nor even alleged, that they had a contract or any relationship with the FAA such that the FAA exercised substantial and direct control over the corporate entity Cirrus. In other words, the Cirrus defendants have presented no evidence or argument that they are designated in any manner as a representative of the FAA to act on its behalf in performing official duties.")

## II.  CONCLUSION

For these reasons, the Court remands this action to the **LOS ANGELES COUNTY SUPERIOR COURT.**

**IT IS SO ORDERED.**

: N/A

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-05876-JHN-CW | Date | January 5, 2012 |
|---|---|---|---|
| Title | Amid Sesay v. Raytheon Aircraft Co. et al | | |

| | Initials of Preparer | AM |
|---|---|---|